Restore et al. v. US Dept. Agricultur CV-97-435-B    01/20/98

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Restore: The North Woods, et al.**</u>

**v.**                                      C-97-435-B

<u>**U.S. Department of Agriculture, et al.**</u>


<u>**MEMORANDUM AND ORDER**</u>

Restore: The North Woods ("Restore") filed an action seeking to temporarily restrain and preliminarily enjoin the Department of Agriculture ("DOA"), acting through its subsidiary agency, the Forest Service, from permitting the construction and operation of a snow-making pipeline at the Loon Mountain ski area.  The ski area's operator, Loon Mountain Recreation Corporation ("Loon"), intervened as a defendant and argues that plaintiffs lack standing to sue.  For the reasons discussed below, I reject Loon's standing arguments.


**I.   <u>BACKGROUND</u>**

Because part of the Loon Mountain ski area is located in the White Mountain National Forest, Loon's ski operations require a special use permit issued by the DOA through the Forest Service.

16 U.S.C.A. § 497(b) (West Supp. 1995). At issue in this case is whether the Forest Service's approval of Loon's proposal to construct and operate a snow-making pipeline -- running from the East Branch of the Pemigewasset River to the top of Loon Mountain -- violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332 (c)(1) (1994).

Plaintiff Restore, an environmental group with several members who live in the Loon Mountain area, initiated this action, seeking to enjoin the Forest Service from allowing Loon to construct and operate the pipeline until the possible NEPA violation could be addressed. Subsequently, Roland C. Dubois, a frequent visitor to the Loon Mountain area; James F. Miles, a property owner at and frequent visitor to Loon Mountain; and Slide Slope Realty Trust, a real estate trust owning property adjacent to Loon Mountain, intervened as plaintiffs. Loon intervened as a defendant and argues that plaintiffs' claims should be dismissed for lack of standing.

## II. DISCUSSION

Although standing presents a jurisdictional question that ordinarily must be addressed before moving to a case's merits, I need not determine the standing of all the plaintiffs if at least

**2**

one of them has standing to maintain each claim.  See Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d  962, 971-72 (1st Cir. 1993).  Because all of the plaintiffs assert the same claims and because I find that Miles has standing to bring each claim, I need not consider the standing of the other plaintiffs.[1]

Both constitutional and prudential considerations potentially constrain a plaintiff's standing to sue in federal court.  Bennett v. Spear, 117 S. Ct. 1154, 1161 (1997).  The "irreducible constitutional minimum of standing" consists of three requirements:  (i) an "injury in fact" -- an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (ii) a causal connection to the alleged injury that is "fairly . . . traceable" to the defendant, and (iii) a likelihood that the injury will be "redressed by a favorable decision."  Bennett, 117 S. Ct. at 1163 (internal citations omitted) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,

---

[1]  At oral argument, I asked plaintiffs if any of them had arguments as to why an injunction should issue that were "theirs and theirs alone" and not shared by all other plaintiffs.  Transcript of Sept. 10, 1997 Hearing, at 24.  None of the plaintiffs indicated that they intended to raise any argument different from those asserted by the others.  Id.  Further, defendants do not claim that the standing of each plaintiff must be individually established because one or more of the plaintiffs asserts a unique argument.

560-61 (1992)). Loon argues that none of the plaintiffs have alleged an "injury-in-fact."

Standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." Bennett, 117 S. Ct. at 1163-64 (quoting Defenders of Wildlife, 504 U.S. at 561). Consequently, whereas at the pleading stage a plaintiff must make only "general factual allegations" supporting standing that the court will presume as true, and at the summary judgment stage a plaintiff need only set forth "specific facts" supporting standing by affidavit or other evidence, plaintiffs must prove their standing to sue in order to prevail on the merits. Defenders of Wildlife, 504 U.S. at 561; Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990). Accordingly, at this stage of the case, plaintiffs' assertion that they have standing must meet the same evidentiary standard that governs any other aspect of their claim. In short, plaintiffs must prove each element of standing by a preponderance of the evidence. See Bennett, 117 S. Ct. at 1163-64; Grogan v. Garner, 498 U.S. 279, 286 (1991) (citing presumption that preponderance of the evidence standard is applicable in civil actions between private litigants unless "particularly important

**4**

individual interests or rights are at stake") (quoting Herman & MacLean v. Huddleston, 459 U.S. 375, 389-390, 103 S.Ct. 683, 691 (1983)).

In Defenders of Wildlife, the Supreme Court described a scenario in which a plaintiff would have experienced an injury-in-fact giving rise to standing to bring a NEPA suit. 504 U.S. at 572 n.7. In that case, the Court stated that a person living adjacent to a proposed federal construction site "has standing to challenge the licensing agency's failure to prepare an environmental impact statement." Id. This is so even though the plaintiff cannot establish that the desired impact statement would alter the agency decision. Id. The Court emphasized, however, that the plaintiff must show that the procedural violation endangers a "concrete interest of the plaintiff (apart from his interest in having the procedure observed)." Id. at 573 n.8. Accordingly, in order to maintain a NEPA claim, a "plaintiff must show not only that the defendant's act omitted some procedural requirement, but also that it is substantially probable that the procedural breach will cause the essential injury to the plaintiff's own interest." Florida Audubon Soc'y v. Bentsen, 94 F.3d 658, 664-65 (D.C. Cir. 1996).

Miles alleges that his family owns a trail-side condominium at Loon Mountain and that he frequently resides there. He states that since initially proposing expansion, Loon has already augmented its snow-making operations. Such augmentation has increased the noise associated with the snow-making process, increased skier traffic on the trails adjoining his family's condominium, increased automobile traffic in the Lincoln area, and increased springtime water run-off into the yard of his family's condominium. Miles asserts that further expansion of Loon's snow-making capacity will only add to the increased noise, traffic, and springtime run-off he already experiences.

Based on the evidence in the record, I am satisfied that if the new pipeline is operated at its maximum permitted capacity, Miles will have to endure some degree of increased noise, skier traffic, and springtime run-off.[2] Moreover, I find that (1) the injuries Miles will suffer from the construction and operation of the new snow-making system are sufficiently imminent, particularized, and concrete to satisfy the Constitution's injury-in-fact requirement; (2) the alleged injuries are fairly traceable

---

[2] I make this finding only to determine Miles's standing to sue. I express no opinion as to whether any claimed injury is sufficient to warrant the denial of permission to construct or operate the pipeline.

to the Forest Service's decision to approve the project without first conducting an EA or EIS; and (3) the injuries are redressable through an order from this court requiring the Forest Service to engage in further environmental review before permitting the pipeline to proceed.  Thus, I find that Miles has carried his burden of proving that he has standing to sue.  See Defenders of Wildlife, 504 U.S. at 573 n.8; Florida Audubon Soc'y, 94 F.3d at 664.

### III.  CONCLUSION

For the foregoing reasons, I decline Loon's request to dismiss the case for lack of standing.

SO ORDERED.

 

Paul Barbadoro
Chief Judge

January   , 1998

cc:  Grant T. Kidd, Esq.
    Cindy E. Hill, Esq.
    T. David Plourde, Esq.
    Alexander Kalinski, Esq.
    Evan Slavitt, Esq.
    Garry R. Lane, Esq.
    Jed Z. Callen, Esq.